IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA MORA,

        Plaintiff,

v.                                                          No. 1:22-cv-00159-JFR-GBW

UNIVERSITY OF NEW MEXICO HOSPITALS,
KORI BEECH, KATE BECKER and SARA FRASCH,

        Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CIVIL COMPLAINT

Defendants, incorrectly named University of New Mexico Hospitals ("UNMH"), Kori Beech, Kate Becker and Sara Frasch hereby respond to Plaintiff's Civil Complaint filed December 23, 2021 (the "Complaint") and affirmatively defend as follows:

1. Defendants deny the allegations made in Paragraphs 1, 2, 3, 4, 5 and 6 of the Complaint.

2. Defendants admit the allegations made in Paragraphs 7, 8, 9, 10 and 11 of the Complaint.

3. The allegations made in Paragraphs 12 and 13 of the Complaint are legal conclusions which therefore require no response. If response is required, these allegations are denied.

4. The referenced document in Paragraph 14 of the Complaint was not attached to the Complaint as indicated. Defendants state that the document speaks for itself.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 15, 16 and 17 of the Complaint and therefore deny them.

6. Defendants admit the allegations made in Paragraph 18 of the Complaint.

7. Defendants deny the allegations made in Paragraphs 19, 20 and 21 of the Complaint.

8. Defendants admit the allegations made in Paragraph 22 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 23 of the Complaint and therefore deny them.

10. Defendants deny the allegations made in Paragraphs 24, 25, 26, 27, 28, 29 and 30 of the Complaint.

11. Defendants admit the allegations made in Paragraph 31 of the Complaint.

12. Defendants deny the allegations made in Paragraphs 32, 33, 34, 35, 36, 37 and 38 of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of Paragraph 39 of the Complaint and therefore deny them. Defendants deny the second sentence of Paragraph 39 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 40 and 41 of the Complaint and therefore deny them.

15. Defendants deny the allegations made in Paragraphs 42, 43, 44 and 45 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 46 and 47 of the Complaint and therefore deny them.

17. Defendants deny the allegations made in Paragraphs 48, 49, 50, 51, 52, 53, 54, 55 and 56 of the Complaint.

18. Regarding the allegations made in Paragraphs 57, 58 and 59 of the Complaint, Defendants state the referenced document speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the document.

19. Defendants deny the allegations made in Paragraphs 60, 61, 62 and 63 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 64 of the Complaint and therefore deny them.

21. Defendants admit the allegations made in Paragraphs 65 and 66 of the Complaint.

22. Defendants deny the allegations made in Paragraphs 67 and 68 of the Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 69, 70, 71, 72 and 73 of the Complaint and therefore deny them.

24. Defendants deny the allegations made in Paragraph 74 of the Complaint.

25. Defendants admit the allegations made in Paragraphs 75 and 76 of the Complaint and affirmatively state Plaintiff was not in the interim position in January or February of 2019.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 77 of the Complaint and therefore deny them.

27. Defendants admit the allegations made in Paragraph 78 of the Complaint.

28. Regarding the allegations made in Paragraph 79 the Complaint, Defendants admit Plaintiff was not offered the position, even after Ms. Predmore declined and deny the remaining allegations.

29. Defendants deny the allegations made in Paragraphs 80, 81, 82, 83, 84, 85 and 86 of the Complaint.

30. Defendants admit the allegations made in Paragraph 87 of the Complaint.

31. Defendants deny the allegations made in Paragraphs 88, 89 and 90 of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 91 and 92 of the Complaint and therefore deny them.

33. The referenced documents in Paragraphs 93, 94 and 95 of the Complaint are the best evidence of what the documents say and speak for themselves. Defendants deny any allegations inconsistent with the documents.

34. Defendants deny the allegations made in Paragraphs 96 and 97 of the Complaint.

35. The referenced document in Paragraph 98 of the Complaint is the best evidence of what the document says and speaks for itself. Defendants deny any allegations inconsistent with the document.

36. Defendants admit the allegations made in Paragraph 99 of the Complaint.

37. The referenced documents in Paragraphs 100 and 101 of the Complaint are the best evidence of what the documents say and speak for themselves. Defendants deny any allegations inconsistent with the documents.

38. Defendants deny the allegations made in Paragraph 102 of the Complaint.

39. The referenced document in Paragraph 103 of the Complaint is the best evidence of what the document says and speaks for itself. Defendants deny any allegations inconsistent with the document.

40. Defendants deny the allegations made in Paragraph 104 of the Complaint.

41. Defendants admit the allegations made in Paragraph 105 of the Complaint.

42. Defendants deny the allegations made in Paragraphs 106 and 107 of the Complaint.

43. The referenced document in Paragraph 108 of the Complaint is the best evidence of what the document says and speaks for itself. Defendants deny any allegations inconsistent with the document.

44. Defendants deny the allegations made in Paragraphs 109, 110, 111, 112 and 113 of the Complaint.

45. The referenced documents in Paragraphs 114 and 115 of the Complaint are the best evidence of what the documents say and speak for themselves. Defendants deny any allegations inconsistent with the documents.

46. Defendants deny the allegations made in Paragraphs 116, 117, 118, 119 and 120 of the Complaint.

47. The referenced document in Paragraph 121 of the Complaint is the best evidence of what the document says and speaks for itself. Defendants deny any allegations inconsistent with the document.

48. Defendants deny the allegations made in Paragraph 122 of the Complaint.

49. The referenced document in Paragraph 123 of the Complaint is the best evidence of what the document says and speaks for itself. Defendants deny any allegations inconsistent with the document.

50. Defendants deny the allegations made in Paragraphs 124 through 141 of the Complaint.

51. Defendants deny that Plaintiff is entitled to seek any remedy as requested in the prayer in the Complaint.

52. Any allegations not addressed in this Answer are hereby specifically denied.

### FIRST AFFIRMATIVE DEFENSE

Some of Plaintiff's claims are time barred.

### SECOND AFFIRMATIVE DEFENSE

All activities of Defendants were lawful, in good faith and in the exercise of governmental functions.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived the rights she claims and/or is estopped from making such claims.

### FOURTH AFFIRMATIVE DEFENSE

Defendants breached no duty owed to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith, without malice, and within the scope of its lawful duties.

### SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the actions of Defendants were reasonable, proper and legal.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any detriment or damages as a result of the incidents alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any detriment, such was not caused by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was not terminated or discharged.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's contract expired by its own terms.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced, in whole or in part, as a result of her voluntary acts or omissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not discriminate against Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants did not retaliate against Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any adverse employment action because of her race and cannot establish a causal connection between her race and any adverse employment action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not act with malice or reckless indifference toward Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any harassing behavior they had notice of.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by UNMH or to avoid harm otherwise.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants did not create a hostile work environment.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff did not engage in activity protected by the New Mexico Whistleblower Protection Act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff did not suffer any adverse employment action because of any protected activity and cannot establish a causal connection between any protected activity and any adverse employment action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff did not undertake any action for the public good.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff reported no practice, procedure, action or failure to act on the part of Defendants that violated a federal law, a federal regulation, a state law, a state administrative rule or the law of any political subdivision of the state, constituted malfeasance in public office, or constituted gross mismanagement, a waste of funds, an abuse of authority or a substantial and specific danger to the public.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants took no adverse employment actions against Plaintiff in the terms and conditions of her employment based on any protected activity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's personal disagreements with legitimate managerial decisions, her communications regarding her personal personnel grievances that primarily benefited her and reports that took place as part of her regular job duties are not protected activities.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The individual Defendants are entitled to qualified immunity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced, in whole or in part, by the doctrine of unclean hands.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable action to avoid, mitigate or prevent her alleged injury or damage.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants' actions were taken for legitimate, non-discriminatory and non-retaliatory reasons.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants took no adverse employment action against Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants fully complied with all contractual obligations to Plaintiff, express or implied.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiff's contract had not expired on its own terms, Defendants have after acquired evidence to establish UNMH would have terminated Plaintiff if it had known about the evidence during Plaintiff's tenure.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to pre or post judgment interest.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for punitive damages is barred by the United States and New Mexico Constitutions.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under the facts alleged.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no compensatory damages caused by Defendants.

WHEREFORE, having fully answered and affirmatively defended, Defendants respectfully request that this Court dismiss the Complaint with prejudice, award Defendants their attorney's fees and costs of this action and grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    WIGGINS, WILLIAMS & WIGGINS
    A Professional Corporation

    *Electronically Filed*

    By  */s/ Patricia G. Williams*
        Patricia G. Williams
    Attorneys for Defendants
    1803 Rio Grande Blvd., N.W. (87104)
    P.O. Box 1308
    Albuquerque, New Mexico 87103-1308
    (505) 764-8400
    pwilliams@wwwlaw.us

I HEREBY CERTIFY that on the 15th day of April, 2022,
I filed the foregoing electronically through the CM/ECF system,
which caused all parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Patricia G. Williams*
Patricia G. Williams