IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA MORA,

    Plaintiff,

v.                                                          Civ. No. 22-159 JFR/GBW

UNIVERSITY OF NEW MEXICO
HOSPITALS, *et al.*,

    Defendants.

**ORDER STAYING PROCEEDINGS PENDING THE COURT'S RULING ON DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

THIS MATTER comes before the Court on Defendants' Motion for Stay of the Proceedings Pending Ruling on their Motion for Partial Summary Judgment on the Pleadings on the Basis of Qualified Immunity and Memorandum in Support Thereof. *See* doc. 20. Having reviewed the Motion and its attendant briefing, *see doc. 24; doc. 25*, and being fully advised in the premises, the Court GRANTS the Motion and STAYS proceedings for the pendency of Defendants' Motion for Partial Judgment on the Pleadings to Dismiss the Claims Against the Individual Defendants on the Basis of Qualified Immunity (*doc. 19*).

    **I.    BACKGROUND**

This case arises from Defendants not promoting Plaintiff to the Executive Director of Ambulatory Services at University of New Mexico Hospitals ("UNMH"),

not increasing her pay while she performed that position in an interim capacity, and not renewing her contract. *See generally doc. 1-1.* On December 23, 2021, Plaintiff, a Hispanic woman, sued Defendant UNMH (her former employer) and Individual Defendants Kori Beech, Kate Becker, and Sara Frasch (various UNMH executives) in the Second Judicial District Court in Bernalillo County, New Mexico, *see id.* at ¶¶ 7-11, raising the following claims: (i) a Title VII claim against Defendant UNMH for racial discrimination, *see id.* at ¶¶ 126-29 ("Count I"); (ii) a § 1981 claim against all Defendants for racial discrimination, *see id.* at ¶¶ 130-33 ("Count II"); (iii) a § 1983 claim against all Defendants for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, *see id.* at ¶¶ 134-37 ("Count III"); and (iv) Title VII and the New Mexico Whistleblower Protection Act claims for retaliation against Defendant UNMH, *see id.* at ¶¶ 138-41 ("Count IV").

Three days after Plaintiff served Defendants with process and a set of written discovery requests on February 28, 2022, *see doc. 24-1*, Defendants removed the case to this Court, *see doc. 1.* On May 25, 2022, the parties met and conferred about a provisional discovery plan, *see doc. 14*, and approximately a month later, the Court set discovery and other pretrial deadlines at a Rule 16 Conference, *see doc. 17*. On July 21, 2022, Defendants moved for partial judgment on the pleadings as to Counts II and III, asserting that the Individual Defendants are entitled to qualified immunity on Plaintiff's § 1981 and § 1983 claims because their alleged actions did not violate

Plaintiff's constitutional rights, let alone clearly established ones, and that the Board of Regents of the University of New Mexico (allegedly the proper Institutional Defendant[1]) is not liable under § 1981 or § 1983 absent a constitutional violation by an Individual Defendant. *See doc. 19*.

Four days later, Defendants filed the instant Motion to stay proceedings as to all Defendants for the pendency of the above motion. *See doc. 20*. Pursuant to the Court's Order to Respond if Opposed, *see doc. 21*, Plaintiff responded in opposition on August 3, 2022, *see doc. 24*. Briefing was complete on the instant Motion on August 8, 2022, *see doc. 26*, with the filing of Defendants' reply, *see doc. 25*

## II.  ANALYSIS

"Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Higgins v. Saavedra*, Cause No. 1:17-cv-00234-WPL-LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017); *see also Encinias v. N.M. Corr. Dep't*, Civ. No. 21-1145 KG/SCY, 2022 WL 2341629, at *1-2 (D.N.M. June 29, 2022) (rejecting a proposal to stay discovery as to defendants raising qualified immunity in a motion to dismiss but permit discovery as to the remaining defendants). This practice arises out of a recognition that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including

---

[1] At this time, the Court takes no position on whether UNMH or the Board of Regents of the University of New Mexico is the proper institutional defendant in this case. It uses UNMH in this Order since that is the institutional defendant pled in the Complaint.

avoidance of disruptive discovery," *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (cleaned up), until the threshold issue of their immunity is resolved, *see Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Discovery to be avoided during the pendency of a dispositive motion raising qualified immunity is not only that which is sought from potentially immune parties and not "'narrowly tailored' to the question of qualified immunity," *see Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279, 283 (10th Cir. 1989), but also that which, while sought from other parties or non-parties, may require potentially immune parties "to participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position," *see Iqbal*, 556 U.S. at 685.

Plaintiff's arguments for departing from the standard practice are uncompelling. First, directing the Court to various unbinding authority, most of which comes from outside the Tenth Circuit, Plaintiff argues that the Court should not stay discovery at all—even as to the Individual Defendants who may be entitled to qualified immunity— since her "claims against Defendant UNMH concern the Individual Defendants' actions," making their participation in discovery unavoidable. *See doc. 24* at 2-3. Other judges in this District have long rejected this argument, *see, e.g.*, *Higgins*, 2017 WL 1437317, at *1-2, and the undersigned does so here.

Moreover, the discovery that Individual Defendants may face as non-parties if Plaintiff's claims against them are dismissed for qualified immunity is less burdensome

4

than that which they may face as parties if discovery is not stayed (or Plaintiff's claims against them are not dismissed). As a general matter, given the heightened personal stakes for the individual, involvement in the discovery process of litigation as a non-party witness is materially different from involvement as a sued party. Moreover, non-parties are not subject to interrogatories or requests for admission. *See* Fed. R. Civ. P. 33(a); Fed. R. Civ. P. 36(a)(1). So, while the Individual Defendants may ultimately have to participate in some discovery in this case even if they are entitled to qualified immunity, the extent of that discovery and its concomitant "heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government," *Iqbal*, 556 U.S. at 685, are less than it would be if the Court were to deny the stay and allow discovery to proceed against the Individual Defendants as parties.

Second, Plaintiff contends that the Court should allow written discovery against Defendant UNMH, which is not entitled to qualified immunity, as this discovery poses no potential prejudice or burden to the Individual Defendants. *See doc. 24* at 4. This District routinely refuses to allow discovery to proceed against defendants who are ineligible for qualified immunity while staying it as to those who may be. *See, e.g., Encinias*, 2022 WL 2341629, at *2; *Mathis v. Centurion Corr. Healthcare of N.M., LLC*, No. 1:22-cv-20 JCH/KRS, 2022 WL 1987713, at *1 (D.N.M. June 6, 2022); *Padilla v. GEICO Ins. Co.*, Civ. No. 19-696 SMV/GBW, 2019 WL 4889131, at *2 (D.N.M. Oct. 3, 2019). This

5

routine even extends to cases like this one where the potentially immune defendants and non-immune defendants have the same counsel who, while representing the latter, can monitor the course of discovery on behalf of the former to ensure that it does not become prejudicial to their interests. *See Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012). *Inter alia*, this approach is based upon the recognition that potentially immune parties still have to spend time and energy monitoring the progress of discovery—even written discovery to which they do not have to respond—lest it have some effect on their litigation and settlement positions. Certainly, the intrusion posed by monitoring discovery and conferring with counsel about the necessity for revising litigation and settlement positions is less than that posed by attending a deposition or moving to quash a subpoena. But even this lesser burden impinges potentially immune parties' entitlement to not have to participate in discovery until the threshold issue of their immunity has been resolved. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982).

Finally, Plaintiff asserts that, even if the Court stays discovery as to all Defendants, Defendant UNMH should still have to respond to written discovery that she propounded upon it in state court. This discovery, though, became procedurally improper once Defendant UNMH removed Plaintiff's Complaint to this Court three days after being served with the discovery and the Complaint. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have

conferred as required by Rule 26(f)...."). Rather than have Plaintiff re-serve this discovery after the Rule 26(f) conference, the parties agreed to treat the date of the Rule 16 Conference as the discovery's effective date of service, *see doc. 16* at 2, making July 28, 2022, the deadline for Defendant UNMH to respond to it. Defendants filed the instant Motion to Stay three days before that deadline. *See doc. 20*. Responding to outstanding discovery before the deadline for doing so by seeking to stay discovery in lieu of providing substantive responses is not inappropriate.

### III. CONCLUSION

For the reasons articulated above, IT IS HEREBY ORDERED that Defendants' Motion for Stay of the Proceedings Pending Ruling on their Motion for Partial Judgment on the Pleadings on the Basis of Qualified Immunity (*doc. 20*) is GRANTED and all proceedings are STAYED for all Defendants for the pendency of Defendants' Motion for Partial Judgment on the Pleadings to Dismiss the Claims Against the Individual Defendants on the Basis of Qualified Immunity (*doc. 19*) except the briefing of that Motion.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE