IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA MORA,

    **Plaintiff**

vs.                                                 Civ. No. 22-159  JFR/GBW

UNIVERSITY OF NEW MEXICO
HOSPITALS, KORI BEECH, KATE
BECKER and SARA FRASCH,

    **Defendants.**

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING WITHOUT PREJUDICE MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS TO DISMISS THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ON THE BASIS OF QUALIFIED IMMUNITY[1]

**THIS MATTER** is before the Court on Defendants' *Motion for Partial Judgment on the Pleadings To Dismiss the Claims Against the Individual Defendants on the Basis of Qualified Immunity*, filed July 21, 2022 (Doc. 19) ("Motion for Partial Judgment on the Pleadings"), and before the Court on Plaintiff's *Motion for Leave to File Amended Complaint*, filed August 15, 2022 (Doc. 28) ("Motion for Leave to Amend"). The motions are fully briefed. Docs. 37 and 39. The Court, having considered counsel's arguments, the record, and the relevant law, FINDS that Plaintiff's Motion for Leave to Amend is well taken and is **GRANTED.** Because the Court is granting leave for Plaintiff to file a First Amended Civil Complaint, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion for Partial Judgment on the Pleadings.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case. (Docs. 8, 9, 10.)

1

By way of background, Plaintiff filed her Civil Complaint in the Second Judicial District Court, State of New Mexico, County of Bernalillo, on December 23, 2021. Doc. 1-1. Therein, Plaintiff, an Hispanic woman, states, *inter alia,* that Defendants, her former employer ("UNMH") and various UNMH executives, failed to promote her to the Executive Director of Ambulatory Services at UNMH; failed to increase her pay while she performed that position in an interim capacity; and failed to renew her contract. *Id.* Plaintiff's Civil Complaint brings four counts against some or all of the Defendants. *Id.* In Count I, Plaintiff alleges Unlawful Discrimination (Title VII) against UNMH;[2] in Count II, Plaintiff alleges Unlawful Discrimination (Section 1981) against all Defendants; in Count III, Plaintiff alleges Unlawful Discrimination (Equal Protection) against all Defendants; and in Count IV, Plaintiff alleges Unlawful Retaliation (Title VII and NMWPA) against UNMH. *Id.* Plaintiff's Civil Complaint having set forth claims or rights arising under the Constitution and laws of the United States and/or a separate and independent claim or cause of action within the jurisdiction conferred on this Court by 28 U.S.C. § 1331, Defendants timely removed Plaintiff's action to this Court on March 3, 2022, pursuant to 28 U.S.C. §§ 1441(a), (b) and/or (c). Doc. 1.

On April 29, 2022, Magistrate Judge Gregory Wormuth entered an Initial Scheduling Order setting a scheduling conference for June 16, 2022, which was subsequently rescheduled for June 28, 2022. Docs. 7 and 12. On June 30, 2022, and July 1, 2022, Judge Wormuth entered a Scheduling Order and an Order Setting Settlement Conference. Docs. 17 and 18. On July 21, 2022, Defendants filed their Motion for Partial Judgment on the Pleadings. Doc. 19. On July 25, 2022, Defendants filed a Motion to Stay Proceedings pending a ruling on their motion. Doc. 20. On August 12, 2022, with the motion to stay being fully briefed and Judge Wormuth finding no

---

[2] Defendants state that UNMH is incorrectly named as a Defendant and that the correct entity subject to suit is the Board of Regents of the University of New Mexico. Doc. 19 at 1.

grounds to depart from the standard practice in this District to stay discovery as to all Defendants when the defense of qualified immunity has been raised, Judge Wormuth entered an Order staying discovery pending a ruling on Defendants' Motion for Partial Judgment on the Pleadings. Doc. 27.

On August 15, 2022, Plaintiff filed a *Motion to Amend the Court's Order Staying Proceedings and Motion for Leave to File Amended Complaint*.  Doc. 28.  Therein, Plaintiff requested the Court to "(i) amend its order staying proceedings for the limited purpose of permitting Plaintiff to request leave to file an amended complaint, and (ii) grant Plaintiff leave to file the proposed First Amended Civil Complaint." *Id.* at 1, 4.  Judge Wormuth granted Plaintiff's motion in part as to amending its stay order to allow Plaintiff to seek leave to file an amended complaint and deferred judgment in part on whether leave should be given for Plaintiff to do so.  Doc. 30.

For the reasons discussed below, the Court will grant Plaintiff's Motion for Leave to Amend and deny without prejudice Defendants' Motion for Partial Judgment on the Pleadings.

The entirety of Defendants' argument for partial judgment on the pleadings and qualified immunity is based on their assertion that Plaintiff failed to sufficiently specify in her Civil Complaint the personal involvement of each individual Defendant in allegedly violating her clearly established constitutional rights as required under §§ 1981 and 1983 to defeat qualified immunity.  Doc. 19 at 7-16.  Plaintiff disagrees and contends that her Civil Complaint sufficiently pleads that the Individual Defendants violated her clearly established constitutional and statutory rights.  Doc. 31 at 2-10.  In the alternative, however, Plaintiff requests that the Court deny Defendants' motion without prejudice and grant Plaintiff leave to file a First Amended Civil Complaint.  *Id.* at 15-17.  Plaintiff states that her First Amended Civil Complaint

would name the "Board of Regents of the University of New Mexico" as a defendant, and would add details regarding the factual bases for Plaintiff's claims that Defendants assert are lacking. Doc. 28 at 1-2.

Federal Rule of Civil Procedure 15(a) governs motions to amend before trial. Relevantly, a party:

> may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "The ... most important ... factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

Plaintiff argues there is no sound basis to deny her leave to file an amended complaint. Doc. 28 at 3. She argues that she did not delay in bringing her motion,[3] nor does she seek leave for a bad faith or dilatory motive. *Id.* Instead, she asserts that she seeks leave to file an amended complaint early in this proceeding to address matters the Defendants have recently raised, *i.e.,* that the Board of Regents of the University of New Mexico is the proper, suable entity, and that

---

[3] The Court's Scheduling Order established a deadline of August 15, 2022, for Plaintiff to file for leave to amend the complaint. Doc. 17.

4

the original complaint does not provide sufficient details for the Individual Defendants to understand the claims against them. *Id.* Plaintiff further asserts that the amendment would not be futile, nor would it cause undue prejudice to the Defendants, given that the proposed amendments would identify the party that the Defendants contend is the proper suable entity, and provide additional clarity that the Individual Defendants contend the original complaint does not provide.

In opposition, Defendants argue that they represented to the Court at the scheduling conference on July 28, 2022, that they intended to file a motion based on the pleadings and would be asserting qualified immunity. Doc. 32 at 2. They argue that Plaintiff took no position on the motion to stay proceedings and it was only after the stay was entered and without any action in the meantime that Plaintiff raised the issue of filing an amended complaint. *Id.* Defendants argue that the Court would be rewarding Plaintiff's dilatoriness by allowing her to amend her complaint now. *Id.* Defendants also argue that Plaintiff failed to comply with the Rules of Civil Procedure to amend her Complaint by failing to provide Defendants with a copy of the proposed amended complaint prior to filing her Motion for Leave to Amend and by failing to attach a copy of the proposed amended complaint to her Motion for Leave to Amend in compliance with the Court's local rules. Doc. 38 at 9.

The Court will grant Plaintiff's Motion for Leave to Amend. To begin, Plaintiff represents in her Motion for Leave to Amend that she reached out to defense counsel about filing an amended complaint on August 10, 2022, *five days before* she filed her motion, and provided a copy of the First Amended Civil Complaint to defense counsel on August 12, 2022, *three days before* she filed her motion. Doc. 28 at 2-3. Plaintiff further states that she followed up with defense counsel on August 15, 2022, the day she filed her motion, but that defense counsel did

not state a position on the matter.[4]  *Id.*  Additionally, Plaintiff attached a copy of her proposed First Amended Civil Complaint to her Motion for Leave to Amend in full compliance with Local Rule 15.1.  *See* D.N.M. LR-Civ. 15.1 (explaining that a proposed amendment to a pleading must accompany the motion to amend).  Thus, Defendants' argument that Plaintiff failed to comply with the Court's local rules is unfounded.  Moreover, the only other argument Defendants raise in opposition to Plaintiff's Motion for Leave to Amend, *i.e.,* that Plaintiff was slow to act, is equally without merit because Plaintiff timely sought leave of the Court to amend her complaint in compliance with the Court's Scheduling Order.

    In sum, the Defendants have failed to provide any sound basis for denying Plaintiff's Motion for Leave to Amend.  The Court, therefore, finding no prejudice to Defendants and that justice so requires, will grant Plaintiff's Motion for Leave to Amend.

    **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend is well taken and is **GRANTED**; and

    **IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings is not well taken and is **DENIED WITHOUT PREJUDICE.**

*[signature]*
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[4] Defendants do not dispute or address at all Plaintiff's representations in either their Response in Opposition to Plaintiff's *Motion for Leave to Amend* (Doc. 32) or their Reply to their *Motion for Partial Judgment on the Pleadings* (Doc. 38).